Natalie D. Matthews v. Commissioner. Mary Constance Bucklin v. Commissioner.
Matthews v. Commissioner
Docket Nos. 16989, 16994.
United States Tax Court
1950 Tax Ct. Memo LEXIS 202; 9 T.C.M. (CCH) 397; T.C.M. (RIA) 50119; May 8, 1950
*202 Petitioners were beneficiaries of certain life insurance policies upon the life of their father and upon his death they received the net proceeds thereof. The estate tax return of the taxpayer, decedent's estate, included the insurance proceeds in the gross estate and reported an estate tax liability of $4,573.32. Upon investigation respondent accepted the return and approved the tax liability. The taxpayer has been insolvent at all times. Respondent determined that petitioners were transferees of decedent's estate and liable for the unpaid estate tax. Held, petitioners are transferees within the meaning of section 900 (e), Internal Revenue Code. John Laurie Martin, Esq., for the petitioners. Robert H. Kinderman, Esq., for the respondent. ARNOLD
Memorandum *203 Findings of Fact and Opinion ARNOLD, Judge: These consolidated proceedings involve the transferee liability of the petitioners for an estate tax in the amount of $4,573.32 due from the estate of Robert David Matthews, deceased. The sole issue is whether petitioners are liable as transferees of the decedent's estate for the estate tax due therefrom. No issue is presented as to the amount of the estate tax or as to the liability of decedent's estate therefor. Findings of Fact Petitioners' father, Robert David Matthews (hereinafter referred to as decedent), died testate on November 19, 1943, a resident of Pasadena, California. Decedent's widow, Gertrude F. Matthews, and his daughters, Natalie D. Matthews and Mary Constance Bucklin, survived him. Each of said survivors was over twenty-one years of age on November 19, 1943. Gertrude F. Matthews qualified as, and is, the executrix of decedent's last will and testament in the Superior Court of California in and for the County of Los Angeles. On September 4, 1945 the executrix filed an estate tax return with the collector of internal revenue for the sixth district of California, in which she reported decedent's gross estate as $212,678.17 *204 and an estate tax liability of $4,373.32. Respondent assessed the estate tax liability of $4,573.32, and interest thereon in the amount of $179.61, against the decedent's estate on the September 1945 assessment list. On or about February 19, 1946 the collector of internal revenue for the sixth district of California filed a claim against decedent's estate in the sum of $4,844.40, representing the estate tax of $4,573.32, interest of $179.61 and accrued interest of $91.47. On or about March 26, 1946 the executrix of decedent's estate approved the claim of the collector of internal revenue for the sum of $4,844.40, plus interest at six per cent from February 15, 1946. The claim of the collector as a creditor of the estate was approved by the Superior Court on March 26, 1946. On October 13, 1947 statutory notices of transferee liability were sent to each petitioner, as "Beneficiary and Transferee of the Estate of Robert David Matthews, Deceased," notifying them, in part, as follows: "There is determined for assessment against you the amount of $4,573.32 plus interest as provided by law, constituting your liability as beneficiary and transferee of property of the Estate of Robert *205 David Matthews, Pasadena, California, for estate tax, as shown in the accompanying statement." The gross estate of $212,678.17 reported on the estate tax return included $98,740.67 of life insurance proceeds paid on policies on decedent's life to beneficiaries other than his estate. The insurance companies, the policy numbers, and the dates of issue were as follows: Company
No. of Policy
Date of Issue
The Travelers Ins. Co
1,563,462
March 12, 1930
The Equitable Life Assurance Society of the U.S.
MP 10,312,900
march 5, 1937
The Equitable Life Assurance Society of the U.S.
11,151.648
June11, 1940
Phoenix Mutual Life Ins. Co.
431,784
June 25, 1923
At his death decedent possessed the right to change the beneficiary and the right to borrow against the Travelers Insurance Company policy and both policies of The Equitable Life Assurance Society of the U.S. Loans had been made on each life insurance policy by each insurance company. Petitioners received the following net proceeds from insurance companies without the receipt of any consideration therefor by decedent's estate: Natalie D. Matthews: Equitable Life Assurance Society
$23,416.82
Travelers Insurance Company
26,185.67
Total
$49,602.49
Mary Constance Bucklin: Equitable Life Assurance Society
$ 9,242.09
Travelers Insurance Company
26,185.66
Total
$35,427.75
*206 The estate tax return reported deductions totaling $168,694.12, and the value of property subject to claims as $113,937.50 (total gross estate less insurance payable to beneficiaries other than the estate). Decedent's estate has been insolvent at all times since his death. The estate tax of $4,573.32, shown on the return, together with interest thereon remains due, and unpaid. Petitioners are transferees of decedent's estate within the meaning of section 900 (e), Internal Revenue Code. Opinion Under section 1119 (a), Internal Revenue Code, the respondent has the burden of showing "that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer is liable for the tax." The petitioners elected to stand or fall upon respondent's failure to prove that they are liable as transferees. They offered no evidence as to the liability of the estate for the tax shown on the estate tax return, or to rebut respondent's evidence. They objected to most of respondent's evidence and now contend that there is insufficient admissible evidence to carry the burden placed on respondent by the statute. Our findings *207 show that decedent's widow, as executrix of his estate, filed the estate tax return more than six months after it was due; that she reported a gross estate of $212,678.17, deductions of $168,694.12, and an estate tax of $4,573.32. It appears from the return that the gross estate of $212,678.17 included $98,740.67 of life insurance proceeds paid on policies on decedent's life to beneficiaries other than his estate, which left the estate not including the insurance with property valued at $113,937.50 to satisfy claims of over $168,000 against the estate. Decedent's estate was therefore insolvent. We further found that each of the petitioners received life insurance proceeds from Equitable Life Assurance Society and from Travelers Insurance Company which exceeded the estate tax due from the taxpayer. The estate tax being due and unpaid, the question is whether either or both of the petitioners are liable at law or in equity as transferees of the decedent's estate. The pertinent sections of the Internal Revenue Code are sections 900, 827, and 811. Section 900 (a) provides that transferee liability may be either as to the amount of the tax shown on the return or to any deficiency. *208 Section 900 (a) defines the term "transferee" as including "a person who, under section 827 (b), is personally liable for any part of the tax". Section 827 (b) relates to the liability of transferees and others with respect to the estate tax. The pertinent provisions thereof are as follows: "* * * If the tax herein imposed is not paid when due, then the * * *, transferee, * * *, or beneficiary, who receives, * * *, property included in the gross estate under section 811 * * * (g), to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. * * *" Section 811 (g) includes the proceeds of life insurance in decedent's gross estate for estate tax purposes. Section 811 (g) (2), which is pertinent here, reads in part as follows: "(2) Receivable By Other Beneficiaries. - To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, or other consideration, paid directly or indirectly by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance, or (B) with respect to which *209 the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person. * * *" Our findings show that decedent had at death the right to change the beneficiary and the right to borrow against the Equitable and Traveler policies. Such rights constitute "incidents of ownership" within the meaning of section 811 (g) (2) (B), and the net proceeds of the policies were to be included in decedent's gross estate in accordance therewith. The provisions of section 827 (b) make the transferee or beneficiary who receives property included in the gross estate under section 811 (g) personally liable for the estate tax, if the estate tax is not paid when due. Our findings show that the estate tax was not paid when due and that the value of the property received by each petitioner from either Travelers or Equitable was far in excess of the $4,573.32 estate tax now due and unpaid. Under section 900 (e) a transferee includes a person who is personally liable for any part of the tax under section 827 (b). There can be no doubt under the present facts that petitioners are personally liable for the estate tax. And since transferee liability *210 relates to either a deficiency or the amount shown on the return, section 900 (a), the respondent has carried his burden and proved that petitioners are liable as transferees of the estate of Robert David Matthews, deceased. Eleanor Lansburgh, Administratrix, 35 B.T.A. 928. At the hearing the petitioners refused to offer evidence in support of their several allegations of error, and at the beginning of their brief they stated their position as follows: This is no longer a tax case, even though it is in the Tax Court. The issues now involved are evidentiary in nature. Otherwise stated, how small an amount of admissible evidence can the government put in before the Tax Court and still prevail? "The transcript will reveal that petitioners' counsel, despite being armed with witnesses, made the decision to forbear proof in response to the government case. The government having failed to properly present the evidence to sustain its case (as will more particularly be shown hereafter), had the petitioners gone forward, the petitioners frankly might have assumed a risk of proving what the government did not prove." In view of petitioners' oral and written statements the *211 allegations of error in their petitions will be considered abandoned. Petitioners objected continuously to the admissibility of the testimony and documentary evidence offered by respondent pursuant to subpoenas duces tecum issued by this Court. Their objections were grounded upon incompetency, immateriality, irrevelancy, not the best evidence, no foundation, and hearsay. Some of the exhibits and much of the testimony of the witnesses responding to the subpoenas were accepted subject to petitioners' objections. In such instances exceptions were saved to petitioners in the event that we admitted the testimony or the exhibit in evidence. It would unduly lengthen this opinion to rule separately upon petitioners' many objections. It is sufficient, in our opinion, to state that each objection was examined and carefully weighed in determining whether the evidence offered was admissible, and only competent evidence and admissions in the pleadings, including the admissions that petitioners received the insurance proceeds, were considered in making our findings of fact. It clearly appearing that these petitioners received the proceeds of life insurance policies, properly includible in decedent's *212 gross estate, and that the statute makes them personally liable for the estate tax to the extent of the value of the proceeds, we approve respondent's determination that petitioners are liable as transferees of the estate of Robert David Matthews, deceased. Decision will be entered for the respondent.